UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff,                                         Criminal Action No.
                                                          09-CR-20573
vs.

                                                          HON. MARK A. GOLDSMITH
NATHANIEL SCOTT FLEMING,

       Defendant.
_____/

# OPINION AND ORDER
## (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
## (2) OVERRULING DEFENDANT'S OBJECTIONS, and
## (3) DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

Defendant is charged with felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The case was reassigned from United States District Judge Sean F. Cox to the undersigned district judge. Before the case was reassigned, Judge Cox referred Defendant's Motion to Suppress Evidence, filed on May 11, 2010, to Magistrate Judge Michael Hluchaniuk. Magistrate Judge Hluchaniuk conducted an evidentiary hearing and, thereafter, issued a Report and Recommendation (R&R) on October 20, 2010, in which he recommends that Defendant's motion be denied. Defendant filed objections to the R&R. Now before the Court is the Magistrate Judge's R&R and Defendant's objections thereto.

The background of the case is succinctly summarized by the Magistrate Judge in the R&R at 1-5. The Court does not repeat the entire background here, but does note the following relevant facts.

On December 10, 2007, Flint Police Sergeant William Meyer was working in an undercover capacity in an area known for drug trafficking activity. At the time of the evidentiary hearing, Meyer had been with the Flint Police Department for nearly 20 years. He, together with Officer Michael Ross, who was called to the scene later, observed activity that, when viewed collectively, was deemed indicative of a drug deal based on the experience of the officers. The officers' detailed observations are described in the R&R at 2-5.

Situated in the parking lot of a gas station/convenience store, Meyer exited his car, which was parked about a car's length away from a black car. As Meyer approached the black car, he observed the back seat passenger, later identified as Defendant, make a "furtive" movement, which Meyer believed might have been an attempt to reach for a weapon. Meyer went directly to the door of the back seat, showed Defendant his police badge, and ordered him out of the car. Defendant hesitated but eventually exited. After exiting, Meyer noticed a handgun in plain view on the floor of the back seat. In addition, Defendant stated that he had a gun. Meyer thought Defendant was referring to the gun on the floor, but it turns out he was referring to an additional gun in his pocket. Defendant was arrested.

At the evidentiary hearing, Meyer testified that the black car would have been "free to go" had it left before Meyer approached, *see* Hr'g Tr. 33, and that his contact with the black car would have been "more of a consensual approach" if it had not been for Defendant's furtive behavior. *Id*. at 36.

The two handguns, one found on the floor of the car and the other found in Defendant's pocket, form the basis for the present prosecution. Defendant filed a motion to suppress the handguns, arguing that Meyer lacked reasonable suspicion to justify a warrantless search at the time he was stopped, rendering the evidence inadmissible as the product of an unlawful search.

The Magistrate Judge concluded that Meyer had reasonable suspicion of criminal activity at the time he displayed his badge and ordered Defendant out of the vehicle, that the seizure of the gun on the floor was proper pursuant to the plain view doctrine, and that the seizure of the gun in Defendant's pocket was proper as the product of a valid frisk.

The Court reviews de novo those portions of the R&R to which a specific objection has been made. *See* Fed. R. Civ. P. 72(b). Having done so, the Court concludes that the R&R is thorough and well-reasoned, and that it reaches the right result for the right reasons.

Defendant asserts nine objections. The first three objections relate to whether Defendant, who was a passenger in the car, has standing to challenge the *Terry* stop. The ultimate result recommended by the Magistrate Judge does not hinge on this analysis.

The fourth and sixth objections relate to precisely when the *Terry* stop occurred in this case. The government argues that the stop did not occur until Meyer displayed his police badge and ordered Defendant out of the vehicle, which occurred *after* Meyer observed Defendant's "furtive" behavior. Defendant, on the other hand, argues that the stop occurred earlier, before the furtive behavior, when Meyer parked his car near the black car. The Magistrate Judge agreed with the government. *See* R&R at 7-9. This conclusion is significant because Meyer's suspicion "grew" as time went on; if the stop occurred earlier (before the furtive behavior), as Defendant contends, the later events, including the furtive movement, could not have played into Meyer's reasonable suspicion calculus. For the reasons stated in the R&R at 7-9, the Magistrate Judge correctly concluded that the stop did not occur until later, at the time when there was first some outward display of police authority.

The fifth and seventh objections involve the relevance of the Sixth Circuit's decision in *United States v. See*, 574 F.3d 309 (6th Cir. 2009). Specifically, the fifth objection addresses the

Magistrate Judge's finding that a *Terry* stop did not occur until Meyer displayed his badge; the seventh objection addresses the Magistrate Judge's conclusion that reasonable suspicion supported the stop. In *See*, the Sixth Circuit agreed with the parties that a *Terry* stop occurred when the police officer "parked his patrol car in front of [the defendant's] vehicle so that [the defendant] was unable to drive away." *Id*. at 313. As the Magistrate Judge correctly notes in the R&R at 8-10, a *Terry* stop did not occur in this case at the time when Meyer parked near the black car because the uncontroverted evidence elicited at the evidentiary hearing demonstrates that Meyer did not park his car in a manner that restricted the movement of the black car. The same was not true in *See*. The Magistrate Judge's analysis and application of *See* is sound in this regard; the stop did not occur until later, when Meyer displayed his badge.

Additionally, the Sixth Circuit determined in *See* that the following reasonable suspicion calculus did not support a finding of reasonable suspicion:

> (1) it was 4:30 a.m.; (2) the men were parked in a high-crime area; (3) before beginning his shift, [the police officer] had been instructed to pay special attention to non-resident loiterers because of a recent increase in robberies; (4) there were three men in the car; (5) the car's interior light was off; (6) the car was parked away from the apartment building in a dim portion of the lot; and (7) the car did not have a front license plate.

*Id*. at 314. In his seventh objection and, before that, in his motion papers, Defendant analogizes the circumstances of *See* to the present case, arguing that the reasonable suspicion calculus in the present case is even weaker than it was in *See*. This argument is thoroughly addressed by the Magistrate Judge in the R&R at 9-15. The Magistrate Judge's analysis is sound. In the present case, Meyer's reasonable suspicion calculus was based, in part, on the active, suspicious conduct of several individuals, as observed by an experienced officer. Notably, Meyer's reasonable

4

suspicion calculus was not based heavily on "context-based" factors, such as those factors supporting the officer's unpersuasive reasonable suspicion determination in *See*.

In his eighth objection, Defendant attacks the Magistrate Judge's conclusion that the second gun (the one found in Defendant's pocket) is not fruit of the poisonous tree. Given the Court's conclusion that the stop and the seizure of the first gun were lawful, this argument fails.

In his final objection, Defendant attacks in conclusory fashion the Magistrate Judge's recommendation that his motion to suppress should be denied. This objection is overruled.

For the reasons stated,

IT IS ORDERED that the Magistrate Judge's R&R of October 20, 2010, is accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that Defendant's objections are overruled.

IT IS FURTHER ORDERED that Defendant's Motion to Suppress Evidence is denied.

Dated: December 10, 2010              s/Mark A. Goldsmith
                                      MARK A. GOLDSMITH
                                      United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 10, 2010.

                                      s/Deborah J. Goltz
                                      DEBORAH J. GOLTZ
                                      Case Manager